47 F.3d 1181
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne N. CUNDAY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7106.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1995.
 
 6 Vet.App. 569.
 DISMISSED.
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 PER CURIAM.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Wayne N. Cunday's appeal for lack of jurisdiction. Mr. Cunday has not filed a response.
 
 
 2
 In 1993, the Board of Veterans Appeals denied Mr. Cunday's claim for entitlement to service connection for a gastrointestinal disability and denied him a permanent and total disability rating for pension purposes. On June 30, 1994, the Court of Veterans Appeals affirmed the Board's decision.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or on constitutional grounds. Section 7292(d) states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Mr. Cunday states, inter alia, that he was not permitted to present evidence before the Board and that the Court of Veterans Appeals was prejudiced against him. The Board had twice remanded to the agency to consider Mr. Cunday's evidence. The government states that Mr. Cunday twice refused to cooperate with the agency. Mr. Cunday does not contradict these events. Thus he has not presented a colorable claim of constitutional or procedural violation. Consequently, pursuant to Sec. 7292(d), this court is without jurisdiction and this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.